David C. Kiernan (State Bar No. 215335)
dkiernan@JonesDay.com
Brian D. McDonald (State Bar No. 224201)
bdmcdonald@JonesDay.com
Daniel L. Corbett (State Bar No. 286103)
dcorbett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:      +1.415.875.5700

Attorneys for Defendant
THE SHERWIN-WILLIAMS COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATSON NAVIGATION COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>Defendant. | Case No. 3:17-cv-00081 EDL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND TO STRIKE ALLEGATIONS**<br><br>Date: April 4, 2017<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

Defendant The Sherwin-Williams Company ("Sherwin-Williams") respectfully submits this Reply brief in support of its Motion to Dismiss and to Strike Allegations in Plaintiff Matson Navigation Company, Inc.'s ("Matson") Complaint.

I.     **INTRODUCTION**

Plaintiff's Opposition fails to rebut the fundamental points in Defendant's Motion.

Plaintiff's claim for breach of contract for services fails as a matter of law.  Put simply, the documents Plaintiff chose to attach to its Complaint contradict the allegations in that same Complaint.  The attached Purchase Orders, which Plaintiff alleges are *the* contracts for the

alleged services, reference no such services.  Plaintiff certainly was not required to attach documents to its Complaint, but having done so, the Court cannot ignore blatant contradictions between those documents and Plaintiff's allegations.

Plaintiff's negligent misrepresentation claim is deficient because the Complaint contains only the barest of allegations that fail to meet the minimum pleading standard under Rule 8(a). Plaintiff must allege ***facts*** supporting the basic elements of negligent misrepresentation and cannot rely on mere recitation of legal elements to meet its burden.  Plaintiff's Opposition brief fails to identify those missing details in its Complaint, let alone offer to provide them in an amended pleading.

Plaintiff's Complaint is replete with immaterial and impertinent allegations supporting these two claims that should be stricken along with these claims.

Finally, any claimed delay is a problem of Plaintiff's own creation.  In response to Defendant's Motion, Plaintiff could have amended its complaint to try to meet its obligations and provide the basic factual information required by the Federal Rules.  Rather, Plaintiff chose not to make an attempt, presumably because it cannot fix the fatal defects.

The Court should grant Sherwin-Williams' Motion, dismiss Matson's claims for breach of contract for services and negligent misrepresentation, and strike the immaterial and impertinent allegations supporting the dismissed claims.

## II.     MATSON HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT FOR SERVICES.

Matson's breach of contract for services claim should be dismissed for failure to state a claim upon which relief may be granted because Matson has not properly pleaded two of the elements of that claim:  that a contract for services exists and that Sherwin-Williams breached it. Matson alleges that the purchase orders attached as Exhibit A to its Complaint (the "Purchase Orders") are the contracts which Sherwin-Williams allegedly breached.  Compl. ¶¶ 5, 6, 20, 23. But those allegations are contradicted by the Purchase Orders themselves, which on their face are contracts for the provision of paint supplies only, not services.  Therefore, for the purposes of this Motion, the Court must disregard Matson's allegations regarding a contract for services. *Johnson*

Def.'s Reply ISO Mot. To Dismiss and Strike
Case No. 3:17-cv-00081 EDL

1   *v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015); *Sprewell v. Golden State*

2   *Warriors*, 266 F.3d 979, 988 (9th Cir.), *op. amended on denial of reh'g*, 275 F.3d 1187 (9th Cir.

3   2001); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).  Without

4   those allegations, Matson has failed to plead the elements of its claim.

5   　　　Matson mischaracterizes its Complaint when it contends in its Opposition that "Matson

6   does not plead that the Purchase Orders were the ***only*** documents evidencing the agreement

7   between the parties that Defendant paint the MANULANI."  Matson's Opposition to Defendant's

8   Motion to Dismiss and to Strike ("Opp'n Br.") at 2:24-25 (ECF No. 15).  In fact, Matson did

9   exactly that.  The Complaint alleged "Matson issued Purchase Orders 0167072 and 0167890

10  ("Matson Purchase Orders"), respectively, to Sherwin Williams [sic] to paint the hull of the

11  Matson container ship MANULANI[.]"  Compl. ¶ 5.  The Complaint further alleged ***"[p]ursuant***

12  ***to the Matson Purchase Orders***, the Vessel was dry docked for the painting of the hull …."  *Id.*

13  ¶ 6 (emphasis added).  Further, "Matson and Sherwin Williams [sic] ***contracted for the painting***

14  ***of the hull*** of the Matson container ship MANULANI ***through the issuance of Matson's***

15  ***Purchase Orders 0167072 and 1067890***."  *Id.* ¶ 20 (emphasis added).  In these passages, Matson

16  alleges that the Purchase Orders attached to the Complaint are ***the*** contract between Sherwin-

17  Williams and Matson for painting the Vessel, not merely evidence of such a contract.

18  　　　Moreover, the ***only*** breach alleged in the Complaint is a breach of the Purchase Orders.

19  Matson alleged that "[t]he Terms and Conditions of the Matson Purchase Orders require Sherwin

20  Williams [sic] to indemnify Matson for any cost resulting from a defect in the merchandise or

21  work and the failure of Sherwin Williams [sic] to perform any covenants on its part to be

22  performed under the Terms and Conditions."  *Id.* ¶ 23.  Matson now argues in its Opposition that

23  Sherwin-Williams breached *a different contract*, which Matson contends is merely evidenced by

24  the Purchase Orders.  Opp'n Br. at 3:1-3.  But Matson did not make any such allegation in its

25  Complaint, and should not be permitted to amend its Complaint through its Opposition brief.

26  　　　Matson also applies the wrong legal standard in its Opposition brief.  Matson argues that it

27  has satisfied Rule 8(a)'s "permissive pleading standard," Opp'n Br. at 3:17-18, and that it was not

28  required to attach the contract to its Complaint, *id.* at 3:4-5.  But Sherwin-Williams' Motion is

1  under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Motion is

2  based on Matson's failure to plead two elements of a breach of contract claim, after allegations

3  contradicted by the exhibits to the Complaint are disregarded.  *Sprewell*, 266 F.3d at 988;

4  *Thompson*, 300 F.3d at 754; *Johnson*, 793 F.3d 1005 at 1007.   And while it is correct that Matson

5  need not have attached the alleged contracts to its Complaint, the Court may not ignore the fact

6  that Matson did so, and that the Purchase Orders contradict Matson's allegations.  *Id.*

7
**III.   MATSON HAS FAILED TO FACTUALLY PLEAD THE ELEMENTS OF A
NEGLIGENT MISREPRESENTATION CLAIM AS REQUIRED UNDER RULE
8   8(A).**

9          Matson supports its negligent misrepresentation claim with citations to materials and

10  information outside of the complaint, and conclusory allegations rather than facts.  Therefore,

11  Matson has failed to plead a factual basis supporting a plausible claim for relief, as required

12  under Rule 8(a).  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550

13  U.S. 544, 555 (2007); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996

14  (9th Cir. 2014).  Matson's claim for negligent misrepresentation should be dismissed.

15          In its Opposition, Matson merely rehashes the sparse factual allegations contained in the

16  Complaint, and contends that is enough under Rule 8(a).  Opp'n Br. at 4:1-17.  It is not.  Those

17  allegations fail to provide even the minimum level of factual detail required under Rule 8(a),

18  including which statements by Sherwin-Williams' representatives allegedly were false or

19  misleading, who allegedly made those statements, when and to whom, who relied on the

20  misrepresentations and whether such reliance was reasonable, and what was false or misleading

21  about them.

22          Indeed, it is unclear how the factual allegations repeated in Matson's Opposition even

23  relate to the alleged misrepresentation.  For example, Matson alleges that the proper painting

24  process is contained in a Sherwin-Williams data sheet, and that Sherwin-Williams employees

25  instructed the shipyard to deviate from that process.  Compl. ¶10.  But Matson does not allege

26  whether the misrepresentation itself was contained in the data sheet, the instructions to deviate

27  from the data sheet, or something else.  Matson alleges that the paint was applied in three layers,

28  epoxy paint, tie coat and surface coat, *id.* ¶ 9, but does not allege whether this process is the

Def.'s Reply ISO Mot. To Dismiss and Strike
Case No. 3:17-cv-00081 EDL

1    allegedly incorrect "procedure and sequence" or whether the alleged misrepresentation concerned

2    something else.

3         Absent these barest of factual details, Matson asks the Court to infer for the purposes of

4    this Motion that because Sherwin-Williams supervised application of the paint, and the paint

5    failed, Sherwin-Williams must have misrepresented something about the painting process.  This

6    is exactly the kind of inference from the merely possible to the plausible that the Supreme Court

7    and Ninth Circuit have held is not permitted under Rule 8.  *Iqbal*, 556 U.S. at 681-82; *Twombly*,

8    550 U.S. at 556; *Eclectic Props.*, 751 F.3d at 997.

9    **IV.    THE COURT SHOULD STRIKE THE IMMATERIAL AND IMPERTINENT
10            ALLEGATIONS FROM THE COMPLAINT.**

11        The Court should grant Sherwin-Williams' Motion to Strike for the same reasons as its

12    Motion to Dismiss.  Matson's allegations regarding the existence and breach of a contract for

13    services are contradicted by the Purchase Orders, which Matson alleges are ***the*** contracts that

14    Sherwin-Williams breached.  Compl. ¶¶ 5, 6, 20, 23.  And Matson's conclusory allegations about

15    a misrepresentation by Sherwin-Williams are so devoid of factual content that they fail to satisfy

16    the Rule 8(a) pleading standard.  As such, these allegations are immaterial and impertinent and

17    should be stricken from the Complaint.  Fed. R. Civ. P. 12(f);  *Fantasy, Inc. v. Fogerty*, 984 F.2d

18    1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); *Lawson v. Gen. Elec.

19    Co.*, No. 15-CV-02384-TEH, 2015 WL 7710296, at *1 (N.D. Cal. Nov. 30, 2015).

20    **V.    MATSON'S REQUEST FOR LEAVE TO AMEND**

21        Sherwin-Williams does not oppose Matson's request for leave to amend its Complaint in

22    the event that the Court grants Sherwin-Williams' Motion, provided that such an amendment is

23    limited to curing the defects identified by Sherwin-Williams in its Motion.

24    **VI.    CONCLUSION**

25        For the foregoing reasons, Sherwin-Williams respectfully requests that the Court grant

26    Sherwin-Williams' Motion to Dismiss the Complaint and to Strike Allegations.

27

28

1    Dated: March 17, 2017                        Respectfully submitted,

2

3                                       JONES DAY

4

5                                  By: */s/ Brian D. McDonald*
                                             Brian D. McDonald

6                                  Counsel for Defendant
                                 THE SHERWIN-WILLIAMS COMPANY

7

8

9

10

11    NAI-1502554784

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def.'s Reply ISO Mot. To Dismiss and Strike
Case No. 3:17-cv-00081 EDL